Citation Nr: 1617330 
Decision Date: 04/29/16 Archive Date: 05/04/16

DOCKET NO. 14-04 091 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to a compensable rating for bilateral lower extremity radiculopathy.
 
2. Entitlement to a total disability based on individual unemployability (TDIU).


REPRESENTATION

Appellant represented by: Marc Whitehead, Attorney at Law


ATTORNEY FOR THE BOARD

E.I. Velez, Counsel




INTRODUCTION

The Veteran served on active duty from May 1990 to March 1994.

This matter is before the Board of Veterans' Appeals (Board) on appeal of an April 2011 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida, which denied a rating in excess of 20 percent for the Veteran's back disability.

In September 1994, the RO granted service connection for chronic mechanical low back pain. 

In April 2010, the RO granted service connection for bilateral lower extremity radiculopathy on the basis that it was associated with the service-connected back disability. The RO combined the radiculopathy with the back disability and recharacterized them as "degenerative disc disease L4-L5 with annular tear with bilateral lower extremity radiculopathy, previously diagnosed as chronic mechanical low back pain."

In March 2014, the Board remanded the issues for further development. At the time, the Board found that the RO should have provided separate ratings for the back disability and the associated radiculopathy in April 2010 at the time of the grant of service connection for bilateral lower extremity radiculopathy. The Board therefore, recharacterized the issues of bilateral lower extremity radiculopathy and a back disability.

This appeal was processed using the Veterans Benefits Management System (VBMS).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

In the case of Stegall v. West, 11 Vet. App. 268 (1998), the United States Court of Appeals for Veterans Claims ("the Court") held that a remand by the Board imposes upon the Secretary of the VA a concomitant duty to ensure compliance with the terms of the remand. It was further held that where the remand orders of the Board are not complied with, the Board errs in failing to insure compliance. The Court also noted that its holdings in that case are precedent to be followed in all cases presently in remand status. Id.

As noted above, in the March 2014 remand, the Board recharacterized the issues on appeal to reflect that the bilateral lower extremity radiculopathy should have been separately rated from the degenerative disc disease of the lumbar spine. The RO was requested to provide the Veteran with a new VA examination to assess the severity of the bilateral lower extremity radiculopathy. 

The issue of entitlement to TDIU was also pending at the time. The RO was to readjudicate both issues upon completion of the requested development and issue a supplemental statement of the case (SSOC) as needed. 

The Veteran was afforded a new VA examination in August 2014. In August 2014, the RO issued an SSOC but only addressed the issue of entitlement to TDIU. No mention of the issue of the disability rating of the bilateral lower extremity radiculopathy was made. Therefore, the Board finds that the issue should be remanded for the issuance of an SSOC.

The issue of entitlement to TDIU is inextricably intertwined with the disability rating of the bilateral lower extremity radiculopathy. Therefore, the Board will defer adjudication of that issue until the development herein has been completed.

Accordingly, the case is REMANDED for the following action:

Issue an SSOC regarding the issue of the disability rating of bilateral lower extremity radiculopathy. A copy of the SSOC should be mailed to the Veteran's attorney. If the benefits sought remain denied, the case should be returned to the Board. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
H. N. SCHWARTZ
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).